# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>STEPHEN CHEW,<br><br>                Debtor<br>_____<br><br>MARCIA MCGARRY et al.,<br><br>                Plaintiffs<br>v.<br><br>STEPHEN CHEW,<br><br>                Defendant | Chapter 7<br>Case No. 05-21076-RS<br><br><br><br><br>Adversary Proceeding<br>No. 06-1039<br><br><br>[NOT FOR PUBLICATION] |

## MEMORANDUM OF DECISION AND ORDER ON
## PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

In a prepetition state court action, four siblings of Debtor Stephen Chew obtained judgment against him in the principal amount of $189,600 for breach of a contractual obligation to the parties' mother to pay monies to the siblings upon the sale of his home. By their amended complaint in this adversary proceeding, the four siblings seek a determination that this judgment debt is excepted from discharge under 11 U.S.C. § 523(a)(4) as a debt for fraud or defalcation while acting in a fiduciary capacity (Count I) and under §523(a)(6) for willful and malicious injury to them or their property (Count II).[1] The Plaintiffs now seek summary judgment on these counts, and in doing so they rely entirely findings made by the state court in support of its judgment. The Debtor opposes summary judgment. For the reasons set forth below, the Court will deny the motion.

---

[1] The amended complaint also includes objections to discharge under § 727(a), but the present motion concerns only the counts for determination of dischargeability of the judgment debt under § 523(a).

A party is entitled to summary judgment only upon a showing that there is no genuine issue of material fact and that, on the uncontroverted facts, the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  Where, as here, the burden of proof at trial would fall on the party seeking summary judgment, that party must support its motion with evidence—in the form of affidavits, admissions, depositions, answers to interrogatories, and the like—as to each essential element of its cause of action.  The evidence must be such as would permit the movant at trial to withstand a motion for directed verdict under FED. R. CIV. P. 50(a).  *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  If the motion is properly supported, the burden shifts to the adverse party to submit evidence demonstrating the existence of a genuine issue as to at least one material fact.  If the adverse party does not so respond, "summary judgment, if appropriate, shall be entered against the adverse party." FED. R. CIV. P. 56(e); *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989).

**Fiduciary Capacity under § 523(a)(4)**

Plaintiffs' Count I, under § 523(a)(4), requires a showing that the Debtor, in failing to pay the siblings a portion of the proceeds from sale of his residence, was acting in a "fiduciary capacity" within the meaning of § 523(a)(4). The Plaintiffs allege that the Debtor was acting in a fiduciary capacity, but they do not specify precisely how he came to be a fiduciary, the nature of the fiduciary capacity, or the specific provisions of law under which the Debtor would be deemed to be holding specific funds as a fiduciary for the benefit of the Plaintiffs.  They do not contend that he was a trustee under an express trust; though the parties did make efforts to establish an express trust, that trust was never funded, and the Plaintiffs concede this.  The Plaintiffs make vague arguments that, in the circumstances presented, state law would recognize

a trust relationship here, but they do not explain precisely how and why. Their argument includes a suggestion (albeit undeveloped) that the law might impose a constructive trust here, but a constructive trust would not suffice. "Fiduciary capacity," as used in § 523(a)(4), has consistently been limited to "the capacity of one who holds property under either an express trust or . . . a technical trust, but not under a trust imposed by law as a remedy, as a constructive trust, an implied trust, or a trust *ex maleficio*." *In re Bologna*, 206 B.R. 628, 632 (Bankr. D. Mass. 1997).

The state court made no ruling that the Plaintiff was acting in a fiduciary capacity. A Massachusetts judgment will have preclusive effect in a federal court with respect to a particular finding of fact or ruling of law only if the fact or legal issue in question was necessary to the judgment.[2] *Id*. at 631. Here, the judgment was based entirely on a simple breach-of-contract theory, so the element of fiduciary capacity was not necessary to the judgment that entered. In short, fiduciary capacity was neither actually determined by the state court nor necessary to its judgment.

Nor did the state court make findings that would support a determination that the Debtor held the proceeds in a fiduciary capacity for the Plaintiffs. The court found that the debtor and his wife held the real property (from which the proceeds were derived) in their own names and that Debtor's mother quite deliberately did not acquire or hold a property interest in it. The court further found that, although the attempts were made to create an express trust,[3] the trust was

---

[2] Although the Plaintiffs rely entirely on the preclusive effect of the state court judgment and of the findings and conclusions made in support thereof, they do not address the requirements of collateral estoppel or show, much less show on a fact-by-fact and issue-by-issue basis that those requirements are satisfied.

[3] No evidence has been submitted as to the attempts to create this trust and the specific terms of the trust proposed. The state court's findings of fact discuss an attempt by Alan Chew

3

never funded; from this one might infer that there was no intent to create a trust with respect to particular funds. Especially where the court is bound to construe the evidence—here the state court findings—in the manner most favorable to the nonmoving property, there are simply no findings on which the court can determine that the Debtor held either the proceeds as a fiduciary for the Plaintiffs.

The Plaintiffs having failed to establish an element necessary to their count under § 523(a)(4), specifically that the debtor held specific funds in a fiduciary capacity for the Plaintiffs, summary judgment must be denied as to that count.[4]

**Willful and Malicious Injury**

Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C. § 523(a)(6).

> The Plaintiff must show that the Debtor injured her or her property and that the injury was both "willful" and "malicious." "Willfulness" requires a showing of intent to injure or at least of intent to do an act which the debtor is substantially certain will lead to the injury in question. *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). "Malicious" requires the injury to have been "wrongful," "without just cause or excuse," and "committed in conscious disregard of one's duties." *Printy v. Dean Witter Reynolds, Inc.*, 110 F.3d 853, 859 (1st Cir.1997). Malice thus has both objective and subjective elements: the injury

---

to create a trust. The Debtor apparently signed a declaration of trust but never transferred property into it. Alan is a brother of the Debtor (but not a plaintiff herein) and an attorney and had some responsibility for the affairs of their mother. The state court findings do not specify what role (if any) the Plaintiffs, the Debtor, and their mother had in the drafting of the trust.

[4]In his opposition to Plaintiffs' motion for summary judgment, the Debtor requests that summary judgment enter in his favor on the § 523(a)(4) count, but he has filed no motion for such relief. As he has filed no motion, the Court need enter no order on the request. Due process requires a motion, not a demand in the closing of an response to which no responsive pleading is required.

> must have been objectively wrongful or lacking in just cause or excuse; and the debtor must have inflicted the injury in "conscious disregard" of her duties, meaning that she has to have been *aware* that the act was wrongful or lacking in just cause or excuse.

*Burke v. Neronha (In re Neronha)*, 344 B.R. 229, 231-232 (Bankr. D. Mass. 2006).

Here, the Plaintiffs rely on the state court's findings to establish each of these various requirements, and the injury on which they rely is in the nature of conversion, an injury to their property interests in the proceeds. The Court must deny summary judgment because the state court judgment, and the findings and rulings in support thereof, do not establish that the Plaintiffs suffered an injury in the nature of conversion, that the injury they suffered was willful, or that the injury they suffered was malicious.

Conversion is an injury to property rights. The Plaintiffs contend that the state court expressly determined that the Plaintiffs acquired a property interest in the proceeds upon the death of their mother. The language in question is as follows:

> The agreement had to do with proceeds from the sale of the property. Two event had to occur before any distribution. One was her death and the second was the sale. And I find that the interest of the plaintiffs in the proceeds from the sale vested at the time of their mother's death but did not become an obligation of Stephen [the Debtor] until funds were received from the sale of the property, which occurred in 2001.

The Plaintiffs contend that the finding "that the interest of the plaintiffs in the proceeds from the sale vested" was a ruling that upon the death of their mother, the Plaintiffs acquired inchoate property rights in future proceeds from sale of the property. This is a misreading of the state court judgment. Property rights were simply not at issue in the only count on which the court was making it rulings. Rather, the only issue was whether the Plaintiffs, as third-party beneficiaries of a contract between the Debtor and their mother, had a contractual right to a payment in a certain amount upon the sale of the Debtor's home. By stating that the Plaintiffs'

5

"interests vested," the court was simply stating that their contractual rights became absolute and irrevocable. I find this a more likely and more plausible reading than the Plaintiffs'. However, even if the Plaintiffs were correct in construing the above language as a determination that the Plaintiffs had property rights in the proceeds of the sale, that determination would not be useful here because it was not necessary there. The state court judgment rested entirely on a contract theory to which property rights were irrelevant. It was sufficient for the court to find, as it expressly did, that the Debtor had made a promise, enforceable in contract, to make a distribution to the siblings upon the sale of his home. The right to payment was a contractual right, not a property right. Any determination that the state court may have made that the Plaintiffs had property interests in specific proceeds was therefore not necessary to the judgment and for that reason cannot have preclusive effect in this proceeding. The state court judgment does not establish either that the Plaintiffs had property interests in the proceeds or that Plaintiffs suffered an injury to their property.

Nor does the state court judgment establish the elements of willfulness and malice. These terms are meaningful only in reference to a specific injury, and the only injury on which the Plaintiffs rely for purposes of this motion—injury to property interests—has not been established. For lack of a demonstrated injury, the Plaintiffs cannot establish that an injury was willful and malicious.

Even if the Court were to accept that the injury consisted simply of Debtor's breach of contract, the state court judgment would not establish that the breach was willful and malicious. Willfulness in § 523(a)(6) requires proof of intent to injure, but a breach of contract action requires no such proof. Malice in § 523(a)(6) requires proof not only that the injury was objectively wrongful but also that the Debtor inflicted the injury in knowing disregard of the

6

wrongfulness. Even if a breach-of-contract ruling is at least implicitly a determination of objective wrongfulness, as a ruling that a promise was not honored (I take no position on the issue at this time), it surely requires no determination that the breach was made in knowing disregard of the debtor's obligation in the circumstances, as this subjective component of malice is not an element of a breach of contract action. For these reasons, too, the state court judgment has no preclusive effect with regard to willfulness and malice.

## **ORDER**

For the reasons set forth above, the Plaintiffs' Motion for Summary Judgment is hereby denied.

Date: June 27, 2007

_____
Robert Somma
United States Bankruptcy Judge

cc: Michael Feinman, Esq., for Plaintiffs
    Jon Kurland, Esq., for Debtor

7